```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

**William B. Washington**

    **v.**                                                                Civil No. 15-cv-277-JL

**Superintendent, Hillsborough**
**County Department of Corrections**

### REPORT AND RECOMMENDATION

      Before the court are plaintiff William B. Washington's addenda to the complaint (doc. nos. 17, 18, 21, 24), and the factual allegations in the cover letter to Washington's Motion to Appoint Counsel (doc. no. 19). Washington filed these documents in response to this court's October 15, 2015, Order (doc. no. 14) ("October 15 Order").

      Also before the court is Washington's motion to join the Hillsborough County Department of Corrections ("HCDC") Medical Department as a defendant. This court previously took that motion (doc. no. 11) under advisement, pending receipt of Washington's response to the October 15 Order.

      To the extent Washington's recent filings seek to add allegations and claims to the complaint, they are before this

court for preliminary review under 28 U.S.C. § 1915A and LR 4.3(d)(1).  The court, in conducting its preliminary review of those filings, applies the same standard as that set forth in the October 15 Order.

## Background

This court has construed the complaint to assert that unnamed HCDC Medical Department personnel and corrections officers violated Washington's Fourteenth Amendment right to avoid punitive conditions of confinement and inadequate medical care while in pretrial detention, in that while Washington was in the custody of the HCDC, the unnamed defendants denied or delayed treatment for, and forced Washington to walk on, a severe and painful foot injury.  See Oct. 15, 2015, Order (doc. no. 14).  Washington previously named the HCDC Superintendent as a defendant in the Complaint (doc. no. 1), and sought leave to join the HCDC Medical Department as a second defendant in his Motion to Amend (doc. no. 11).  In the October 15 Order, this court took the motion to join the HCDC Medical Department (doc. no. 11) under advisement, and granted Washington leave to amend the complaint to name particular HCDC corrections officers or health care providers who he asserts made him walk on his

injured foot, despite knowing about the pain it caused him, and/or who failed to provide timely, adequate care for his foot problem while Washington was at the HCDC.

In response to the October 15 Order, Washington filed five documents (doc. nos. 17-19, 21, 24), asserting that the HCDC Superintendent, HCDC Health Services Administrator Denise Ryan, the HCDC doctor, and the HCDC nurses knew about his foot problem but did not provide adequate treatment for the condition, and/or delayed treating it.  Washington has specifically alleged that the HCDC doctor saw him only twice in seven months and misdiagnosed his problem as arthritis, and that the HCDC Superintendent and Health Services Administrator neither provided crutches, put Washington on bed rest, nor took any other reasonable steps to alleviate Washington's suffering, when HCDC corrections officers, who also knew about Washington's foot problems, made him walk.

Washington has further alleged that the pain that first appeared in his foot had radiated up into his leg; that the New Hampshire State Prison ("NHSP") physician, Dr. Celia Englander, was concerned about the lack of "help" the HCDC had provided to Washington; and that she feared Washington's foot might need to be amputated.  See Doc. No. 17, at 1-2.  Washington notified

this court in late December 2015 that foot surgery he received after he was incarcerated at the NHSP had not fixed the problem, and that he was awaiting emergency vascular surgery, to be followed by weeks of confinement, rehabilitation, pain, and scarring, which he believes could have been avoided if the problem had been addressed by the HCDC a year ago.  See Doc. No. 19, at 2.

Washington's pleadings (doc. nos. 1, 8, 17-19, 21, 24), construed liberally, assert the following claims[1]:

> 1.  HCDC Superintendent David Dionne, Health Services Administrator Denise Ryan, the HCDC doctor, and unnamed HCDC nurses, who knew of Washington's complaints of foot pain and injury, are each liable to Washington under 42 U.S.C. § 1983, for violating Washington's Fourteenth Amendment due process rights while Washington was in pretrial detention, in that each of them caused delays in or denial of adequate diagnosis and treatment of Washington's foot injury, with deliberate indifference to a substantial risk of serious harm to Washington, from December 2014 until his transfer to the NHSP on July 24, 2015.
>
> 2.  HCDC Superintendent David Dionne, Health Services Administrator Denise Ryan, and unnamed HCDC corrections

---

[1]Plaintiff asserts that he has been unable to identify all of the nurses and corrections officers he would name as defendants.  Without this court's involvement, plaintiff may be able to obtain access to his HCDC medical records directly from the NHSP medical department.  Plaintiff may also serve interrogatories or document production requests upon defendants, seeking his HCDC records and the names of HCDC corrections officers and HCDC nurses, pursuant to Rules 26, 33, and 34, of the Federal Rules of Civil Procedure.

4

officers who knew of Washington's complaints of foot pain and injury are each liable to Washington under 42 U.S.C. § 1983, for causing Washington to walk on his injured foot, with deliberate indifference to the pain and substantial risk of serious harm it caused Washington, without taking reasonable steps to alleviate the risk of such pain and harm, from December 2014 until his transfer to the NHSP on July 24, 2015.

3.   The HCDC Medical Department, Nurse Denise Ryan, and the HCDC doctor are liable to Washington for medical malpractice under state law, based on the allegations giving rise to Claim 1.

## Discussion

### I.   Fifth and Eighth Amendments

Washington has claimed that defendants violated his Fifth, Eighth, and Fourteenth Amendment rights.  The Fifth Amendment restricts the power of the federal government.  Washington has not alleged facts suggesting that federal agents have violated his rights.  The Fourteenth Amendment Due Process Clause provides the standard for claims against county agents like the HCDC defendants Washington has identified in this action.  For that reason, Washington's Fifth Amendment claims should be dismissed.

The Eighth Amendment's Cruel and Unusual Punishment Clause is the source of law for evaluating whether a convicted inmate has stated a viable claim, with respect to medical care he has

received.  Washington's pleadings show that, at all times relevant to his claims, he was a pretrial detainee, and not a convicted inmate.  The Fourteenth Amendment Due Process Clause is the source of law for pretrial detainees challenging the conditions of confinement.  See Surprenant v. Rivas, 424 F.3d 5, 18 (1st Cir. 2005).  Accordingly, Washington's Eighth Amendment claims should be dismissed.

**II.   Motion to Join HCDC Medical Department (Doc. No. 11)**

    A.   Federal Claims

Washington has moved to join the HCDC Medical Department as a defendant (doc. no. 11), and this court took that motion under advisement.  The department is an agency of Hillsborough County.  A county agency cannot be held liable under 42 U.S.C. § 1983 unless the plaintiff establishes that the constitutional violations alleged resulted from a county policy, practice, or custom.  See Surprenant, 424 F.3d at 15; see also Haley v. City of Boston, 657 F.3d 39, 51 (1st Cir. 2011).  The allegations in the complaint fail to show that any official policy, practice, or custom resulted in the acts and omissions at issue here.  Accordingly, the district judge should deny, in part, the motion to join the HCDC Medical Department as a defendant, to the extent plaintiff seeks to name the municipal agency as a

defendant to his § 1983 claims (Claims 1 and 2).

    B.    <u>Medical Malpractice Claims</u>

Under state law, a plaintiff states a viable claim of medical malpractice by alleging that he suffered injuries, proximately caused by a doctor or nurse's failure to provide care consistent with the standard of reasonable professional practice, at the time the care was rendered. <u>See</u> <u>Beckles v. Madden</u>, 160 N.H. 118, 124, 993 A.2d 209, 214 (2010) (citing N.H. Rev. Stat. Ann. § 507-E:2). Taking as true all of the facts alleged by Washington, and the reasonable inferences drawn therefrom, the court finds that he has stated a claim of medical malpractice as to the HCDC Medical Department, Nurse Denise Ryan, and the HCDC facility doctor, with respect to the delay or denial of adequate treatment for Washington's foot injury. This court has supplemental jurisdiction over such state law claims. <u>See</u> 28 U.S.C. § 1367. Therefore, the motion to join the HCDC Medical Department as a defendant (doc. no. 11) is properly granted, in part, to the extent it seeks to name that agency as a defendant to Claim 3, and for that reason, the court has directed service upon that defendant in the Order this date.

**Conclusion**

For the foregoing reasons, the district judge should dismiss Washington's Fifth and Eighth Amendment claims. Further, the district judge should deny, in part, Washington's motion to join the HCDC Medical Department as a defendant (doc. no. 11), to the extent it seeks to join that agency as a defendant to Claims 1 and 2.  The motion is properly granted only to the extent it seeks to name the HCDC Medical Department as a defendant to Claim 3.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See Garayalde-Rijos v. Mun. of Carolina, 747 F.3d 15, 21-22 (1st Cir. 2014).

_____
Andrea K. Johnstone
United States Magistrate Judge

February 10, 2016

cc: William B. Washington, pro se